W. W. SCOTT *vs.* WILLIAM A. WALTON.

Where a purchaser of land at execution sale obtained a rule upon the Sheriff, who sold the land, to require him to execute a conveyance, and the Sheriff gave as a reason for his refusal to make the deed, that the defendant in the execution claimed the land as a homestead, but it appeared that it had not been laid off, and was not occupied or claimed as a a homestead at the time of sale; *Held*, that the rule should be made absolute.

Rule on the defendant, as Sheriff, to require him to make title to the plaintiff, for certain land purchased at execution sale, heard before *Cloud, J.,* at Spring Term, 1872, of the Superior Court of ROWAN, upon a *case agreed.*

The case states, that A. H. Miller and others obtained judgment against one Aaron Miller at Spring Term, 1872, of said Court; that execution issued thereon and was levied upon the land in controversy, with other lands of said Aaron Miller; that the Sheriff after due advertisement, and notice in writing to the defendant in the execution, sold the land, without objection by said defendant. The land in controversy did not adjoin the tract on which said Aaron Miller lived, but was several miles distant therefrom. Some time after the sale and payment of the purchase money by Scott, said Aaron Miller, for the first time, notified the Sheriff that he claimed a homestead in the land, and forbid his executing conveyance.

His Honor, being of opinion that the land was not subject to sale, adjudged that the rule be discharged, and the plaintiff appealed.

*Fowle* and *Bailey,* for the plaintiff.
*Dupre* and *Jones & Jones,* for the defendant.

RODMAN, J. In this case the Sheriff sold the land, and received the plaintiff's money, but refuses to make a deed. He probably

means to put his refusal on the ground that the land is the homestead of the defendant in the execution. But he says only that the defendant claims it as such, and does not set forth facts upon which it may be judged whether the claim is a legitimate one or not. Besides this, the Court would not pass on the right of the defendant in execution, in an action to which he is no party. It may be that the Sheriff has incurred penalties, under the Act of Assembly, by selling a homestead, and if that appeared, probably, the Court would not compel him to perfect the sale by a deed. But in this case, it is expressly said that the land had not been laid off and was not occupied or claimed as a homestead at the time of the sale. If a proper ground were laid the Sheriff might perhaps cause the defendant in execution to intervene, so that his claim to the homestead might be passed on so as to bind him. But that question does not arise here, and we express no opinion. We think, in the present case, the Sheriff has assigned no sufficient reason for his refusal to make the deed. Its effect when made is a different question, which cannot be passed on here.

Judgment reversed, and rule on Sheriff to execute a proper conveyance made absolute.

PER CURIAM.                              Judgment reversed.